**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0464 DOC (JPRx)                Date: March 25, 2013

Title: TAVAZO CORPORATION, A CANADIAN CORPORATION  V.  TAVAZO CORPORATION, A CALIFORNIA CORPORATION

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

       Before the Court is an Ex Parte Application for a Temporary Restraining Order And for Order to Show Cause Re: Preliminary Injunction ("Ex Parte," Dkt. 5) brought by Plaintiff Tavazo Corporation (Canada) ("Tavazo Canada"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons that follow, the Court DENIES the request for a Temporary Restraining Order.

     **I.**      **Background**

       Tavazo Canada sells dried fruits and nuts, and has been in business in Canada since 1998. Ex Parte at 1. Tavazo is the owner and user of trademark rights in the trademark "Tavazo," with registrations with the Canadian Intellectual Property Office (Reg. No. TMA544425) and the United States Patent and Trademark Office (Reg. No. 2832224). *Id.*
       In February 2011, during the relevant time period for the Complaint, its board consisted of four people, all related to each other: Alireza Tavazofar ("Alireza"), Krosrow Tavazofar ("Khosrow"), Reza Tavazofar ("Reza"), and Parviz Tavazofar ("Parviz"). *Id.*
       This lawsuit stems from the actions of two directors of the board of February 7, 2011. Tavazo Canada alleges that Alireza and Parviz signed a document, "Unanimous Written Consent and Board Resolution of the Directors of TAZAZO  INC. a Canadian corporation,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0464-DOC (JPRx)                                    Date: March 25, 2013
                                                                    Page 2

("the Resolution") that purported to authorize and consent to transfer the U.S. registration to "Tavazo Inc U.S.A., Corporate ID No 34291131." *Id.* at 2. Plaintiff states that this entity "presumably" is Tavazo California, the Defendant. *Id.*
   Tavazo Canada alleges that the Resolution is invalid for several reasons:

- Alireza signed the Resolution under the mistaken belief that the California company was to carry on the family business in the United States, and to be family owned in the same percentages;
- The document both purports to be "Unanimous Written Consent," and to be an action taken by "the undersigned majority number of directors of TAVAZO Inc."
- But two people, of course, does not make a majority of a four-person Board of Directors, and certainly falls short of unanimity;
- The other two directors, Khosrow and Reza, did not attend any meeting on February 7, 2011—there was no noticed meeting of the Board on that date
- The Resolution purports to concern "Tavazo Inc.," but the Canadian company is "Tavazo Corporation";
- The Resolution lacks the Tavazo Corporation's Seal;
- The Resolution purports to direct "the Company" to take further actions to "convey good and marketable title to the shares of stock to the Purchaser," but does not define "Company" or "Purchaser" or make a reference to the Tavazo Mark;
- A transfer of trademark rights must transfer the goodwill associated with the mark in order to be valid; and
- No "assignment" or other document was then prepared or carried out on behalf of Tavazo Canada.

*Id.* at 2-3. Three days later, on February 10, 2011, Tavazo California had the Resolution recorded with the United States Patent and Trademark Office. *Id.* Tavazo Canada seeks to invalidate the assignment of the mark and cancel the registration. Here, the company requests an order that would enjoin Tavazo California, and any of its agents or representatives, from selling or transferring in any way the Tavazo Mark.

## II.   Legal Standard for Temporary Restraining Order

In the Ninth Circuit, a party is entitled to a preliminary injunction if she satisfies either of two tests: (1) the *Winter* factor test; or (2) the "sliding scale" test, also referred to as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0464-DOC (JPRx)                          Date: March 25, 2013

                                                                                                 Page 3

---

the "serious questions" test. *See Alliance for the Wild Rockies v. Cottrell* , 632 F.3d 1127, 1135 (9th Cir. 2011). The sliding scale test requires a slightly weaker showing of success on the merits to be outweighed by strong equitable considerations. *See id.* 632 F.3d at 1134-35. Under the *Winter* factor test, a party is entitled to a preliminary injunction if she establishes that: (1) she is "likely to succeed on the merits"; (2) the "balance of equities tips in [the party's] favor"; (3) she is "likely to suffer irreparable harm in the absence of preliminary relief"; and (4) a preliminary injunction is in the public interest. *Winter* , 555 U.S. at 20; *Save Our Sonoran, Inc. v. Flowers* , 408 F.3d 1113, 1120 (9th Cir. 2005). Under the sliding scale test, a party is entitled to a preliminary injunction if she establishes: (1) "serious questions going to the merits"; (2) "a balance of hardships that tips sharply towards the [the party]"; (3) "a likelihood of irreparable injury"; and (2) a preliminary injunction is in the public interest. *Alliance for the Wild Rockies* , 632 F.3d 1127, 1135 (9th Cir. 2011) (noting that the last two factors are identical to two of the factors in *Winter* ). While the test "requires the [party] to make a showing on all four prongs," the showing need not be equally strong. *See id.*

       Where, as here, the application for the temporary restraining order is made *ex parte*, Rule 65 mandates an additional showing. A court can issue such an order without notice to the adverse party "only if" "specific facts in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the moving party's attorney certifies in writing efforts made to give notice or reasons no notice should be required. Fed. R. Civ. P. 65(b)(1) (emphasis added); *Reno Air Racing Ass'n, Inc. v. McCord* , 452 F.3d 1126, 1130-31 (9th Cir. 2006). The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high. *See Granny Goose Foods, Inc. v. Broth. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Reno Air Racing Ass'n*, 452 F.3d at 1131 ("[C]ircumstances justifying the issuance of an ex parte order are extremely limited.").

       The most common reasons for issuing an ex parte temporary restraining order are "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" and "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Am. Can Co. v. Mansukhani* , 742 F.2d 314, 322 (7th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0464-DOC (JPRx)　　　　　　　　　　　　Date: March 25, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

### III.　Analysis

　　　Tavazo Canada has not shown that this case fits the very narrow set of circumstances in which a preliminary injunction should issue without notice. *See Reno Air Racing Ass'n*, 452 F.3d at 1131. Tavazo Canada states it "is concerned that, if given notice of this application . . . Parviz will simply assign the trademark to another designated assignee prior to a hearing being held." Ex Parte at 9. Tavazo Canada relies on *Matter of Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir. 1979) ("*Vuitton*") for support. *Id.*
　　　*Vuitton* fits the "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n*, 452 F.3d at 1131 (citing *Am. Can Co.* 742 F.2d at 322). Vuitton pointed to the fact it had eighty-four prior actions against counterfeiters, and in its experience there was a consistent pattern of defendants in a community of counterfeiters being able to foil lawsuits by simply transferring their merchandise to another seller. *Vuitton*, 606 F.2d at 2. Such a situation did justify an order that was narrow in scope and brief, as Vuitton only asked for a order to last a few hours. *Id.* at 3.
　　　This case is not sufficiently similar to *Vuitton*. As the Ninth Circuit has noted, "the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Reno Air Racing Ass'n*, 452 F.2d at 1131 (citing *First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir.1993)). The moving party must show a defendant "would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing," and sufficient evidence must show "the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.*
　　　Here, the alleged misdeeds happened more than two years ago and Plaintiffs have been involved in litigation in the Superior Court of Justice of Ontario, Canada, against Tavazo California and Parviz without a transfer of the Trademark.[1] *See* Decl. of Howard Wolch ¶ 3. In the Canadian case, Plaintiff seeks an order requiring Tavazo California to reassign the Tavazo Trademark back to Tavazo Canada. *Id.* ¶ 6. Unless the Canadian litigation is taking place without notice to Parviz and Tavazo California, the fact there is already ongoing litigation undermines Plaintiff's argument that notice to Parviz here would lead him to transfer the Trademark.

---

[1] The Canadian case also seeks to remove Parviz as a director of Tavazo Canada and seeks an order requiring him to transfer shares of Tavazo California to Tavazo Canada. Decl. of Howard Wolch ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0464-DOC (JPRx)                         Date: March 25, 2013

                                                                                                               Page 5

       Finally, in its current form, the Court does not find persuasive Plaintiff's brief argument that Tavazo California "is not entitled to defend this lawsuit" because the California Secretary of State shows that the corporation is currently suspended. Ex Parte at 10 (citing *Community Electric Service of Los Angeles, Inc. v. Nat'l Electrical Contractors Ass'n*, 869 F.2d 1235, 1239 (9th Cir. 1989); *Weinstock v. Sinatra*, 379 F. Supp. 274, 275-76 (C.D. Cal. 1974)). Such an argument appears to go too far if meant to stand for the idea that a suspended company forfeits its right to be notified of an action against it.[2]

## IV. Conclusion

       For the reasons stated above, the Court DENIES the Ex Parte because Plaintiff has not met the requirements for an ex parte temporary restraining order. Plaintiff may renew its application if it provides notice to Defendant.
       However, before the Court considers granting injunctive relief, Plaintiff must provide further details about the Canadian case, including providing copies of any rulings by a Canadian court as to the relief sought, particularly plaintiffs' request in that case to have Tavazo California transfer the Trademark to Tavazo Canada.

       The Clerk shall serve a copy of this Order on all parties.

MINUTES FORM 11
CIVIL-GEN                                                              Initials of Deputy Clerk: jcb

---

[2] As the court in *Weinstock* noted, a suspended company wishing to begin to defend a lawsuit has a remedy in the California Revenue and Tax Code, Section 23305, by which it can lift a suspension. *Weinstock*, 379 F. Supp. at 277.